FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 FEB -7 PM 2: 46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

LEANORA HALL,

    Plaintiff,

    v.

HUNTER WARFIELD, INC.,

    Defendant.

_____/

CASE NO.

3:11-cv-112-J-32TEM

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LEANORA HALL ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, HUNTER WARFIELD, INC. ("Defendant"), alleges and affirmatively states as follows:

#### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

#### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Tampa, Florida.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is collecting from Plaintiff on a debt owed to Lakeside Apartments.

12. In or around July of 2010, Defendant began placing collection calls to Plaintiff at least three times per week from 813-283-4616.

13. On November 23, 2010, Defendant informed Plaintiff that she needed to pay the debt or it would report her to the three credit bureaus.

14. On or about December 15, 2010, Defendant left a voicemail message for Plaintiff stating:

> Hello this Hunter Warfield calling with a message for Leanora Hall. This is not a sales or a marketing phone call. Please call us back at 1-866-494-9902. When calling please use Reference #1986748 at risked.

15. Defendant failed to identify itself as a debt collector in the message that it left for Plaintiff.

16. On December 17, 2010, Plaintiff faxed a cease and desist letter to Defendant. *See* letter and fax confirmation attached as Exhibit "A."

17. On January 5, 2011 and on January 7, 2011, Defendant placed collection calls to Plaintiff.

18. In spite of the cease and desist letter, Defendant continues to place collection calls to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692c(c)* of the FDCPA by continuing to communicate with Plaintiff even though Plaintiff has notified Defendant in writing to cease further communications with Plaintiff;

b) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

c) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of Defendant's identity;

d) Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and,

e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication with Plaintiff that the debt collector attempting to collect a debt.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

22. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 x 230
Fax:   (866) 385-1408
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LEANORA HALL, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, LEANORA HALL, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LEANORA HALL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 01/21/11

_Leanora Hall_
LEANORA HALL,
Plaintiff

# EXHIBIT A

```
        Fax Confirmation- Hunter Warfield Collections and Asset Investigations.txt
Fax Confirmation -OKFriday, 17 December, 2010 10:15 AM
From: "Fax.com" <reports@fax.com>To: "Leanora Hall" <ifax_123_losangeles@yahoo.com>
Your fax to an unknown recipient at fax number 8664688927 succeeded.

FSID: 63194513

Attempts made: 1
Pages delivered: 1
Minutes spent delivering this fax : 0.5
The baud rate was: 14400

The following are the attempts made and the result that occured:
12/17/2010 - 02:14:37 - 0( Success )


Documents being delivered:
1   Leanora Hall - Hunter Warfield Collections and Asset Investigations.doc
```

Page 1

Leanora Hall

~~[redacted]~~

~~[redacted]~~

Hunter Warfield Collections and Asset Investigations
4620 Woodland Corporate Boulevard
Tampa, FL 33614

"My name is Leanora Hal. I'm writing regarding file 1986748 Please stop all further communications."